ALINE S. WALKER, RELATOR, v. BOARD OF EDUCATION OF WILDWOOD, RESPONDENT.

Submitted May 5, 1936—Decided July 27, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the relator, *Eugene Blankenhorn.*

For the respondent, *Harry Tenenbaum.*

The opinion of the court was delivered by

PARKER, J.   The rule laid before us in this case, which is dated and was served on September 19th, 1935, requires respondent to show cause at the October, 1935, term of this court, "why a writ of *mandamus,* alternative or peremptory, should not issue commanding the said Respondent to reinstate the Relator as a teacher or teaching principal of the School District of the City of Wildwood, Cape May County, New Jersey, and commanding the said Respondent to pay over to the said Relator any and all sums of money which have accrued to her as salary since September 28, 1934."

The case shows several resolutions adopted by the respondent board, the first of which was adopted on September 12th, 1934, a year before the rule was made.   This places the discharge of relator on the ground of her being married.   On September 15th, 1934, there was another resolution consolidating the classes in the school in which Mrs. Walker had been serving, and declaring that "the position eliminated by

the consolidation, and held by Mrs. Walker, be and the same is hereby abolished, to take effect September 28th, 1934."

Relator took the statutory appeal to the commissioner of education, apparently with reasonable promptness; and that officer held, in an order dated February 18th, 1935, that relator had been illegally dismissed, and directed that she be reinstated with pay. The board appealed to the state board of education, whose opinion is before us. It modifies the decision of the commissioner in certain respects not now material, but adjudges that the local board "be directed to reinstate respondent to the position which she held at the time of her dismissal and to pay her the salary of the position from that time." This was on July 20th, 1935. Apparently the local board made no attempt at a judicial review, but under date of September 4th the secretary wrote to Mrs. Walker: "I have been instructed to notify you that you have been reinstated by order of the state board of education." However, before school opened, viz., on September 11th, the local board resolved that "to effect a real and badly needed economy" certain rearrangements be made in the schools, and further "that the position of fifth and sixth grade teacher, occupied by Aline Sheffey Walker, be and the same is hereby abolished." The next day, September 12th, the secretary notified Mrs. Walker accordingly. The rule to show cause followed on the 19th, returnable, as we have said, at the October term.

So far as relates to the decision of July 20th directing reinstatement with pay, and the status of relator until September 11th, 1935, the decision of the state board, unchallenged, should manifestly be enforced. Hence, a peremptory writ will be allowed, commanding payment of salary from the date of dismissal in September, 1934, until September 11th, 1935. But as to the subsequent period, the resolution of September 11th, 1935, not challenged directly by *certiorari*, bars the way to a *mandamus* either to restore Mrs. Walker to her former status, or to require payment of salary from and after September 11th, 1935. Whether, in case of annulment by *certiorari* of the resolution of September 11th, 1935, and

consequent restoration of status, salary after September 11th, 1935, should be ordered paid, is questionable: for not only did Mrs. Walker fail to apply promptly for a *certiorari,* but even this suit in *mandamus* has been allowed to lie dormant for two terms of this court; and some adequate explanation of the delay would be in order. However, in the interest of practical justice, the court would look favorably on an application to award a *certiorari,* using the present record as a return, and consider and decide it on the briefs now before us; but as matters now stand, the validity of the resolution of September 11th, 1935, is not properly before us for review. As to that branch of the case, and as to salary after September 11th, 1935, the rule will be discharged, but without costs and without prejudice.